**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

MIGUEL A. O'CONNER-COLON

    Petitioner

      v.                        **CIVIL NO.   04-2076 (JAF)**

UNITED STATES OF AMERICA

    Respondent

---

## REPORT AND RECOMMENDATION

Before the Court is petitioner's Section 2255 motion (Docket No. 1), and the Government's duly filed response to the same (Docket No. 21).  Having carefully reviewed both motions, as well as the relevant record in the underlying criminal proceeding (Criminal No. 00-48 (JAF)), the Court concludes that petitioner's motion must be **DENIED**.

### Background

Petitioner was charged in a two (2) count superseding indictment charging him with conspiracy to distribute controlled substances in excess of one kilo of heroin, five kilos of cocaine and fifty grams of crack, in violation of 21 U.S.C. § 841 (a)(1), and money laundering, in violation of 21 U.S.C. § 1956.

On November 16, 2000 — the eve of trial — petitioner pled guilty to both counts.  He was accordingly sentenced to 366 months imprisonment, as stipulated in his plea agreement, based on drug quantity (in excess of 150 kilos of cocaine), leadership role, and use of firearms.  See change of plea transcript (Docket No. 380 in criminal case) at page 22 lines 6-17; sentencing transcript (Docket No. 811) at page 10.

### Petitioner's Habeas Arguments

Petitioner raises the following arguments in his Section 2255 motion:

First, he claims that counsel was ineffective for failing to appraise him that, pursuant to Apprendi, the Government had to prove drug quantity at trial beyond a reasonable doubt.

Second, he alleges that counsel was also ineffective for stipulating drug quantity, since the facts proffered by the Government did not support such amount.

**CIVIL  NO**. 04-2076 (JAF)                    2

Third, he submits that his guilty plea was the result of coercion by the Government.

Finally, he argues that counsel was ineffective by failing to seek a downward departure.

The Court shall address each argument *seriatim*.

**Analysis**

(i)       Apprendi claim

The indictment in the underlying criminal case stated that defendant conspired to distribute in excess of five (5) kilos of cocaine, in violation of 21 U.S.C. § 841 (a)(1).  This amount triggers a minimum statutory penalty of ten years and a maximum statutory penalty of life imprisonment. Petitioner's sentence of 366 months falls well within these parameters.

The Court must then determine whether proof beyond a reasonable doubt exists as to drug amount in excess of five kilos of cocaine.  Here, petitioner stipulated and admitted he was responsible for 150 kilos of cocaine — well above the 5 kilo amount necessary to trigger the statutory penalty at issue.  See, e.g., Change of Plea Transcript (Docket No. 380) at page 22 lines 6-17.  Such admission effectively resolves any doubts as to drug quantity.  United States v. Duarte, 246 F. 3d 56, 62 (1st Cir. 2001) (discussing Apprendi).

Petitioner's argument that he was not properly advised by counsel that mandatory minimums were triggered by drug amount is further bellied by the Court's advise during the change of plea hearing:

> "These amounts that I have mentioned, one kilo of heroin, five kilos of cocaine, and 50 grams of cocaine bare, have a penalty implication, meaning that certain statutory, mandatory terms of imprisonment are triggered by these amounts; do you understand that?"

See change of plea transcript (Docket No. 380) at 14 lines 8-14.  See also id at 18 lines 19-25 (wherein petitioner advises he is aware of the penalties applicable had he gone to trial).

(ii)       The evidence proffered by the Government triggered the challenged statutory penalty

The Government proffered during the change of plea hearing that petitioner was the owner of a drug point in Ponce, Puerto Rico between 1992 and 2000.  Furthermore, petitioner controlled everything to do with this drug point and "at least Miguel La Cabra would sell, on occasions, one to two kilograms of cocaine in a case; that the drug point would sell sometimes up to $25,000 to

**CIVIL  NO**. 04-2076 (JAF)                    3

$40,000 per day" and that the Government "would have testimony of approximately eight to ten witnesses, people who were members of this conspiracy of people who provided kilogram quantities of cocaine directly to La Cabra." See Change of Plea Hearing transcript, p. 24, line 14 to p. 25, line 2.

After the Government's proffer, the Court inquired the defendant as to the evidence against him.  Petitioner's counsel asserted that the Government could prove these facts based on the evidence at hand.  See Change of Plea Hearing transcript, p. 25, lines 21-25.  At no time did Petitioner object to this proffer or assert that the Government could not prove his guilt in relation to the stipulated drug amount.  More so, a review of the change of plea transcript evidences that petitioner himself accepted the Government's proffer.  See change of plea transcript at 27 lines 4-6.  Thus, this claim also fails.

**Coercion by the Government**

Petitioner contends that he was coerced into entering a "package" type plea along with two other co-defendants.  Hence, it was not voluntary in nature.  He further claims he remained silent during his change of plea hearing only to save his family's residence.

A review of the change of plea transcript fails to support petitioner's claim that his plea was "package" type in nature.  The fact that the Court referred to all three defendants meeting with their attorneys and discussing their pleas is insufficient to evidence that a *de facto* group plea took place.  See change of plea transcript at page 6, lines 8-12.  Notwithstanding, petitioner stated to the Court he had not been intimidated nor coerced to plea (id at 19, lines 1-4).  The fact that petitioner had to choose between going to trial and possibly receiving a sentence of life imprisonment or accepting a plea for 366 months does not make his plea a coerced one.  If so, literally every federal plea would be involuntary.

Petitioner's claim that he pled guilty to protect his family's dwelling is also unsupported by the record.  As his own counsel explained, because of the plea agreement, the Government would not seek to forfeit petitioner's interest in his residence.  See change of plea transcript at 19-20.

**Downward Departure**

Petitioner claims counsel was ineffective by not seeking a downward departure based on his

**CIVIL NO. 04-2076 (JAF)**                    4

personal background.

This argument also fails. Petitioner in his plea agreement (which was an 11(e)(1)(c) type plea that binds the Court) agreed to receive a specific sentence of 366 months. He did not, at the time of his plea, reserve the right to seek a further reduction based on a downward departure. In fact, petitioner , at the meeting, received exactly what he bargained for in his plea. Counsel's professional conduct, in this sense, cannot be said to be unreasonable so as to constitute ineffective assistance under the circumstance. See Santiago v. United States, 2005 WL 1719714*2 (D. Conn. 2005) (holding that it was reasonable for counsel not to object to terms of plea agreement which defendant did not personally object to).

**Conclusion**

Having addressed petitioner's claims, the Court does not find his conviction and sentence to be constitutionally flawed. More so, the Court finds that counsel's actions in this case were more than reasonable under the circumstances. Accordingly, the Court's sentence and judgment must be affirmed. See Moran v. United States, 1998 WL 54616 * 5 (S.D.N.Y. 1998) (finding no prejudice under Strickland because the plea agreement negotiated by counsel was very favorable in light of Government's overwhelming evidence and penalties faced if convicted at trial).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 9th day of August, 2005.

*S/ Gustavo A. Gelpi*

**GUSTAVO A. GELPI**
United States Magistrate-Judge